IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SEAN CAREY LYNN<br>(TDCJ No. 1496095),<br><br>　　　　　Plaintiff,<br><br>VS.<br><br>NORVEL L. ARNOLD, Senior Warden,<br>ET AL.,<br><br>　　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil No. 3:16-CV-3035-D |

MEMORANDUM OPINION
AND ORDER

Plaintiff Sean Carey Lynn ("Lynn") objects to the magistrate judge's order transferring this civil action to the Lubbock Division of this court. The court overrules Lynn's objections and affirms the order.

Judge Horan transferred this *pro se* civil rights action to the Lubbock Division because the incidents giving rise to the case occurred at the TDCJ's Smith Unit, where Lynn is incarcerated as a Texas prisoner. The Smith Unit is located in Dawson County, which is in the Lubbock Division of this court. Judge Horan acted pursuant to Rule 2(a)(3) of the court's Miscellaneous Order No. 6. On November 17, 2016 the clerk of court filed Lynn's objections to Judge Horan's order.

Because Judge Horan's order involves a nondispositive matter, Lynn's objections are governed by Fed. R. Civ. P. 72(a), which provides, in pertinent part, that "[t]he district judge . . . must . . . modify or set aside any part of the [magistrate judge's] order that is clearly

erroneous or is contrary to law." Rule 72(a). "When a party appeals a magistrate judge's order, [he] must demonstrate how the order is reversible under the applicable standard of review—*de novo* for error of law, clear error for fact findings, or abuse of discretion for discretionary matters." *Jefferson-Pilot Life Ins. Co. v. Bellows*, 2003 WL 21501904, at *1 (N.D. Tex. June 24, 2003) (Fitzwater, J.).

> "The clearly erroneous standard applies to the factual components of the magistrate judge's decision." *Lahr v. Fulbright & Jaworski, L.L.P.*, 164 F.R.D. 204, 208 (N.D. Tex.1996) (Fitzwater, J.) (quoting *Smith v. Smith*, 154 F.R.D. 661, 665 (N.D.Tex.1994) (Fitzwater, J.)) (internal quotation marks omitted). "The district court may not disturb a factual finding of the magistrate judge unless, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Id.* (quoting *Smith*, 154 F.R.D. at 665) (internal quotation marks and brackets omitted). "If a magistrate judge's account of the evidence is plausible in light of the record viewed in its entirety, a district judge may not reverse it." *Id.* (quoting *Smith*, 154 F.R.D. at 665) (internal quotation marks omitted). The legal conclusions of the magistrate judge are reviewed *de novo*, and the district judge "reverses if the magistrate judge erred in some respect in [his] legal conclusions." *Id.* (citing *Smith*, 154 F.R.D. at 665). "[T]he abuse of discretion standard governs review of that vast area of . . . choice that remains to the [magistrate judge] who has properly applied the law to fact findings that are not clearly erroneous." *Id.* (quoting *Smith*, 154 F.R.D. at 665) (alteration and ellipsis in original) (internal quotation marks omitted).

*Stanissis v. Dyncorp Int'l, LLC*, 2015 WL 5603722, at *1 (N.D. Tex. Sept. 23, 2015) (Fitzwater, J.).

Applying these standards to the order transferring venue—and to Judge Horan's conclusion that venue in the Lubbock Division, where the defendants are located and where

the events giving rise to Lynn's claims occurred, is in the interest of justice—the court concludes that no part of the order is clearly erroneous or contrary to law.

Lynn's objections are therefore overruled, and Judge Horan's November 1, 2016 order transferring this case to the Lubbock Division is

AFFIRMED.

November 28, 2016.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE